# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DALE MONGEAU,<br><br>               Plaintiff,<br><br>     v.<br><br>ANDREW M. SAUL,<br>Commissioner of Social Security,<br><br>               Defendant. | Case No. CV 20-02911-JEM<br><br>MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On March 27, 2020, Dale Mongeau ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application for Social Security Disability Insurance Benefits. (Dkt. 1.) The Commissioner filed an Answer on September 23, 2020. (Dkt. 16.) On January 26, 2021, the parties filed a Joint Stipulation ("JS"). (Dkt. 21.) The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

**BACKGROUND**

Plaintiff is a 58 year-old male who applied for Social Security Disability Insurance benefits on June 20, 2016, alleging disability beginning November 19, 2014. (AR 25.) The ALJ determined that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 19, 2014, through his date last insured of December 31, 2016. (AR 27.)

Plaintiff's claim was denied initially on August 22, 2016 and on reconsideration on October 28, 2016. (AR 25.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Donna M. Montano on June 26, 2018, and a supplemental hearing was also held on January 11, 2019, both in Pasadena, California. (AR 25.) Plaintiff appeared and testified at both hearings and was represented by counsel. (AR 25.) In January 2019, vocational expert ("VE") John J. Komar, Ph.D., testified via teleconference call. (AR 25.)

The ALJ issued an unfavorable decision on February 27, 2019. (AR 25-36.) The Appeals Council denied review on January 29, 2020. (AR 1-3.)

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, Plaintiff only raises the following disputed issue as ground for reversal and remand:

1. Whether the ALJ properly considered Plaintiff's symptom and pain limitation testimony about his limited ability to stand or walk for prolonged periods.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273 , 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen, 80 F.3d at 1290. Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir.

2001). Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). The RFC is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff did not engage in substantial gainful activity during the period from his alleged onset date of November 19, 2014, through his date last insured of December 31, 2016. (AR 27.)

At step two, the ALJ determined that through the date last insured Plaintiff had the following medically determinable severe impairments: degenerative disc disease of the cervical and lumbosacral spine and hypertension. (AR 28-29.)

At step three, the ALJ determined that through the date last insured Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. (AR 29-30.)

The ALJ then found that through the date last insured Plaintiff had the RFC to perform a range of light work as defined in 20 CFR § 404.1567(b) with the following limitations:

> Claimant could lift and/or carry twenty pounds occasionally, ten pounds frequently, stand and/or walk six hours and sit six hours in an eight-hour workday. Claimant could occasionally climb ramps, stairs, ladders, ropes and scaffolds, balance, stoop, kneel, crouch and crawl.

(AR 30-34.) In determining the above RFC, the ALJ made a determination that Plaintiff's subjective symptom allegations were "not entirely consistent" with the medical evidence and other evidence of record dated through the date last insured. (AR 33.)

At step four, the ALJ found that through the date last insured Plaintiff was unable to perform any past relevant work as a heavy truck driver. (AR 34.) The ALJ, however, also found at step five that through the date last insured, considering Claimant's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Claimant could have performed, including the jobs of collator operator, routing clerk, and order caller. (AR 34-35.)

Consequently, the ALJ found that Claimant was not disabled, within the meaning of the Social Security Act, at any time from November 19, 2014, the alleged onset date, through December 31, 2016, the date last insured. (AR 35.)

**DISCUSSION**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom allegations. The Court disagrees. The ALJ properly discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence. The ALJ's RFC is supported by substantial evidence. The ALJ decision must be affirmed.

## A. Relevant Federal Law

The ALJ's RFC is not a medical determination but an administrative finding or legal decision reserved to the Commissioner based on consideration of all the relevant evidence, including medical evidence, lay witnesses, and subjective symptoms. See SSR 96-5p; 20 C.F.R. § 1527(e). In determining a claimant's RFC, an ALJ must consider all relevant evidence in the record, including medical records, lay evidence, and the effects of symptoms, including pain reasonably attributable to the medical condition. Robbins, 466 F.3d at 883.

The test for deciding whether to accept a claimant's subjective symptom testimony turns on whether the claimant produces medical evidence of an impairment that reasonably could be expected to produce the pain or other symptoms alleged. Bunnell v. Sullivan, 947 F.2d 341, 346 (9th Cir. 1991); see also Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998); Smolen, 80 F.3d at 1281-82 esp. n.2. The Commissioner may not discredit a claimant's testimony on the severity of symptoms merely because they are unsupported by objective medical evidence. Reddick, 157 F.3d at 722; Bunnell, 947 F.2d at 343, 345. If the ALJ finds the claimant's pain testimony not credible, the ALJ "must specifically make findings which support this conclusion." Bunnell, 947 F.2d at 345. The ALJ must set forth "findings sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony." Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); see also Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001); Bunnell, 947 F.2d at 345-46. Unless there is evidence of malingering, the ALJ can reject the claimant's testimony about the severity of a claimant's symptoms only by offering "specific, clear and convincing reasons for doing so." Smolen, 80 F.3d at 1283-84; see also Reddick, 157 F.3d at 722. The ALJ must identify what testimony is not credible and what evidence discredits the testimony. Reddick, 157 F.3d at 722; Smolen, 80 F.3d at 1284.

## B. Analysis

Plaintiff has a history of neck and back pain due to an alleged work-related injury that occurred on November 19, 2014. (AR 28.) He alleges he has been unable to work ever since and can lift no more than fifteen pounds due to extreme low back pain. (AR 33.) He alleges he has difficulty bending over and cannot sit longer than 20 minutes. (AR 33.) The ALJ did find

6

that Plaintiff had the medically determinable severe impairments of degenerative disc disease of the cervical spine and lumbosacral spine and hypertension, through the date last insured of December 31, 2016. (AR 28, 27.) Notwithstanding these impairments, the ALJ assessed Plaintiff with a reduced range of light work RFC (AR 30) and concluded that Plaintiff was not disabled from the alleged onset date of November 19, 2014, through the date last insured of December 31, 2016. (AR 35.)

In determining Plaintiff's RFC, the ALJ determined that Plaintiff's medically determinable impairments reasonably could be expected to cause some of the alleged symptoms. (AR 33.) The ALJ, however, also found that Plaintiff's statements regarding the intensity, persistence, and limiting effects of these symptoms are "not entirely consistent" with the medical evidence and other evidence in the record through the date last insured. (AR 33.) Because the ALJ did not make any finding of malingering, he was required to provide clear and convincing reasons supported by substantial evidence for discounting Plaintiff's subjective symptom allegations. Smolen, 80 F.3d at 1283-84; Tommasetti v. Astrue, 533 F.3d 1035, 1039-40 (9th Cir. 2008). The ALJ did so.

### 1. Inconsistency With Medical Evidence

First, the ALJ found that Plaintiff's subjective symptom allegations are inconsistent with the objective medical evidence. (AR 33, 34.) An ALJ is permitted to consider whether there is a lack of medical evidence to corroborate a claimant's alleged symptoms so long as it is not the only reason for discounting a claimant's credibility. Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005). Here, regarding Plaintiff's lumbar spine impairment, X-rays in January 2015 revealed severe degenerative disc disease with no evidence of spondylolisthesis. (AR 28.) In February 2015, an MRI scan revealed spondylosis. (AR 28.) X-rays in August 2016 revealed moderate disc disease as did a November 2016 MRI, with no evidence of contact or compromise of the nerve roots. (AR 28.) Workers' compensation records contain clinical findings of reduced range of motion, occasional straight leg raising, and mildly decreased sensation. (AR 28.) The ALJ noted that the radiographic studies of record show no evidence of nerve root impingement, compression, or compromise through the date last insured. (AR

29-30.) There also was no MRI evidence of stenosis during the relevant period. (AR 28.) There was no evidence of an inability to ambulate effectively, muscle atrophy, or decreased motor strength. (AR 30.) There was a December 2018 MRI scan showing increased severity in the lumbar spine, but the scan was two years after Plaintiff's date last insured and inconsistent with the studies in the period at issue. (AR 28.)

Regarding Plaintiff's cervical spine impairment, Plaintiff did not complain or seek treatment for his neck impairments during the relevant period. (AR 33.) All of the medical records from Plaintiff's Workers' Compensation medical doctors and his general medical providers show no evidence of neck impairment until after the date last insured. (AR 33.) A December 2018 MRI scan two years after the date last insured revealed multilevel degenerative disc disease of Plaintiff's cervical spine. (SR 29.) So did a January 2018 scan. (AR 29.) The ALJ found that Plaintiff's cervical spine impairment relates back to before the date last insured but not to the degree demonstrated in either of the January or December 2018 scans. (AR 29, 33.) The ALJ found that the evidence of record does not support the degree of neck pain alleged at the hearings. (AR 33.)

The medical opinion testimony supports the ALJ's light work RFC. At the initial determination level, DDS reviewing physician Dr. Chan opined Plaintiff could perform a range of light exertion work, lift and/or carry 20 pounds occasionally, and stand, walk, or sit six hours in an eight-hour work day. (AR 30.) On reconsideration, another DDS reviewing physician, Dr. M. Bayar, offered a similar reduced range light work RFC assessment. (AR 30.) The ALJ gave great weight to the opinions of these State agency medical consultants. (AR 31.) Medical expert Dr. Dorothy Leong also opined that from the alleged onset date through the date last insured Plaintiff could perform a range of light work, including lifting and/or carrying 20 pounds. (AR 31.) The ALJ gave significant weight to Dr. Leong's assessment. (AR 32.)

Dr. Joe Y. B. Lee, Plaintiff's primary treating orthopedist for his Workers' Compensation claim, consistently opined from February 2015 to February 2016 that Plaintiff could lift 20 pounds. (AR 30-31.) From March through June 2017, Dr. Lee opined Plaintiff could lift 25 pounds. (AR 31.) In November and December 2016 and March 2017, Dr. Lee opined Plaintiff

8

could only lift 15 pounds. (AR 31.) The ALJ did not give significant weight to these latter opinions because in some instances they were after the date last insured, they also were inconsistent with subsequent opinions that Plaintiff could lift 25 pounds, and opinions about lifting only 15 pounds would not meet durational requirements. (AR 31.) Additionally, Dr. Bayar and Dr. Leong all opined that Plaintiff could lift 20 pounds for the entire relevant period. The medical evidence supports the ALJ's reduced range light work RFC for the relevant period.

Plaintiff asserts that Dr. Lee documented abnormal findings of his back at every appointment. (JS 13:1-2.) Dr. Lee's records between January 15, 2015, through June 2016 did reveal a reduced back range of motion, positive straight leg tests on the left, and mildly decreased sensation. (AR 28.) Dr. Lee, however, also noted in these same examinations that Plaintiff was in no acute distress, had full (5/5) strength throughout his lower extremities, and otherwise normal sensation throughout. (AR 449, 460, 477-78, 481, 495, 498, 563, 523, 537, 547, 554, 565.) Dr. Lee's progress notes reveal positive straight leg tests and spasms but also good strength and normal sensation. (AR 599, 629, 632, 635.) Most importantly, despite the abnormal findings, Dr. Lee consistently opined from January 2015 through October 2016 that Plaintiff could lift 20-25 pounds, consistent with the ALJ's light work RFC finding. (AR 30, 32, 450, 461, 478, 482, 489, 496, 499, 504, 524, 538, 548, 555, 565, 600, 636.) Plaintiff contends he is unable to stand or walk for long periods of time, but Dr. Lee did not opine that Plaintiff had any standing, walking, or sitting limitations.

The ALJ also considered the opinion of Dr. Jorge Galindo, Plaintiff's primary care physician. (AR 31.) In June 2018, Dr. Galindo opined Plaintiff could perform less than sedentary work, lift and/carry only 10 pounds, stand/walk/sit only two hours in an eight-hour work day, and would miss work more than three times a month. (AR 31.) The ALJ gave no weight to Dr. Galindo's opinion because it was well after the date last insured, there was no evidence that he was relating his assessment back before the date last insured, and records of Dr. Galindo and his colleagues show no complaints of neck or back pain and no clinical findings relating to the neck or back. (AR 32.)

Plaintiff does not dispute the ALJ's evaluation of the medical evidence.

### 2. Conservative Treatment

The second reason that the ALJ gave for rejecting Plaintiff's subjective symptom allegations is conservative treatment. An ALJ may consider conservative treatment in evaluating a claimant's subjective symptom allegations. Tommasetti, 533 F.3d at 1039. Here, Plaintiff received physical therapy, chiropractic treatment, and acupuncture; he was prescribed pain and anti-inflammatory medications and a TENS unit (AR 28). All of these are conservative treatments. Dr. Lee recommended a series of epidural steroid injections, which are not conservative treatment,[1] but they were not approved because with no evidence of nerve root compression or MRI evidence of stenosis, Plaintiff did not meet the criteria for such treatment. (AR 28.)

Plaintiff also was prescribed medication for his hypertension, and there is no evidence of end-organ damage. (AR 29.) Impairments that can be controlled with medication are not disabling. Warre v. Comm'r of Soc. Sec., 439 F.3d 1001, 1006 (9th Cir. 2006).

\* \* \*

Plaintiff disputes the ALJ's assessment of Plaintiff's subjective symptom allegations but it is the ALJ's responsibility to resolve conflicts in the medical evidence and ambiguities in the record. Andrews v. Shalala, 53 F.3d 1035, 1039 (9th Cir. 1995). Where the ALJ's interpretation of the record is reasonable, as it is here, it should not be second-guessed. Rollins v. Massanari, 261 F.3d 853, 857 (9th Cir. 2001).

The ALJ discounted Plaintiff's subjective symptom allegations for clear and convincing reasons supported by substantial evidence.

\* \* \*

The ALJ's RFC is supported by substantial evidence.

\* \* \*

---

[1] Garrison v. Colvin, 759 F.3d 995, 1015 n.20 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and back qualify as 'conservative' medical treatment.").

The ALJ's nondisability determination is supported by substantial evidence and free of legal error.

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: February 18, 2021

*/s/ John E. McDermott*
JOHN E. MCDERMOTT
UNITED STATES MAGISTRATE JUDGE